IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERTO ANTONIO JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-11-09-D |
| ) | |
| MIKE MULLIN, ) | |
| ) | |
| Respondent. ) | |

## **REPORT AND RECOMMENDATION**

Mr. Roberto Jackson seeks a writ of habeas corpus under 28 U.S.C. § 2254. The petition is his second one, and the Tenth Circuit Court of Appeals has not authorized a successive action for habeas relief. This Court lacks jurisdiction and should order dismissal.

BACKGROUND

In 2007, Mr. Jackson filed a petition for habeas relief under 28 U.S.C. § 2254, challenging his state court conviction. *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, *Jackson v. Ray*, Case No. CIV-07-316-T (W.D. Okla. Mar. 13, 2007). The Court denied habeas relief. *Jackson v. Ray*, Case No. CIV-07-316-D (W.D. Okla. Apr. 16, 2008) (denying habeas relief).

In 2011, Mr. Jackson began the present action. Here, the Petitioner is alleging bias by Judge Stephen Lile in the direct appeal and error in the disposition of a post-conviction appeal.

THE COURT'S LACK OF JURISDICTION OVER THE SECOND PETITION

Federal law provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (2006); *see Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). Because the present action is "second or successive" and Mr. Jackson has not asked the appeals court for authorization to proceed, the federal district court lacks jurisdiction. *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997) (*per curiam*).

In the present action, Mr. Jackson asserts claims not previously raised. Thus, the Court can order either dismissal or transfer to the federal court of appeals. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (*per curiam*). In deciding between dismissal and transfer, the Court considers the interest of justice. *See id.* This determination is guided by three considerations:

- whether the claims would be time-barred if filed anew in the proper forum,

- whether the claims alleged are likely to have merit, and

- whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*See id.* at 1251.

The Court may assume *arguendo* that Mr. Jackson had acted in good faith and that the present claims would have been considered timely. Still, transfer would almost certainly

2

prove futile because Judge Lile's eventual disbarment and error in the post-conviction appeal would not entitle Mr. Jackson to habeas relief.

In the direct appeal, the Oklahoma Court of Criminal Appeals upheld the conviction in a unanimous opinion. *Jackson v. State*, Case No. F-2003-1313 (Okla. Crim. App. Feb. 17, 2005) (unpublished op.). Judge Lile resigned twelve days after the court issued its decision,[1] and the judge eventually lost his license to practice law.[2] In part, Mr. Jackson alleges violation of his constitutional rights because Judge Lile did not recuse. Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 3-4 (Jan. 5, 2011). But Judge Lile's participation in the direct appeal did not result in a violation of Mr. Jackson's constitutional rights.

Due process requires a "'fair trial in a fair tribunal'" before a judge "with no actual bias against the defendant or interest in the outcome of his particular case." *Bracy v. Gramley*, 520 U.S. 899, 904-905 (1997) (citations omitted).

According to the Petitioner, Judge Lile's "general bias towards accused drug[] dealers" and "unprofessional misconduct" prevented performance of his judicial duties in a fair manner. *Id.*; *see* Petitioner's Reply and Objection to Respondent's Response to Petitioner's Habeas Corpus at pp. 5-11 (Feb. 18, 2011). This argument is unconvincing

---

[1] Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 4 (Jan. 5, 2011).

[2] *State v. Lile*, 194 P.3d 1275 (Okla. 2008) (entering a judgment of disbarment against Stephen Lile).

3

because: (1) it rests on generalized allegations rather than a factual basis involving fairness in the handling of his own direct appeal, and (2) Judge Lile was simply one of four judges to join the court's unanimous opinion.

The Tenth Circuit Court of Appeals addressed similar allegations in *Ross v. Parker*, 304 Fed. Appx. 655 (10th Cir. Dec. 19, 2008) (unpublished op.), and *Smith v. Jones*, 226 Fed. Appx. 814 (10th Cir. Apr. 5, 2007) (unpublished op.).

In *Ross v. Parker*, the petitioner's state court appeal had been affirmed only a few weeks before Judge Lile's resignation from the tribunal. *See Ross v. Parker*, 304 Fed. Appx. at 657. In a petition for a writ of habeas corpus, the petitioner argued that Judge Lile's participation in the appeal had denied him due process because "'the case deal[t] with drugs, which the judge's suspension had something to do with[.]'" *Id.* at 658. The circuit court affirmed the denial of habeas relief, concluding that the petitioner had presented no evidence of "actual bias" and had alleged "only the faintest appearance of bias." *Id.*

A similar issue also arose in *Smith v. Jones*, 226 Fed. Appx. 814 (10th Cir. Apr. 5, 2007) (unpublished op.). There an Oklahoma prisoner sought habeas relief based on a "'scandalous personal relationship'" between his prosecutor and Judge Lile. *Smith v. Jones*, 2006 WL 3420236, Westlaw op. at 1, 10 (W.D. Okla. Nov. 28, 2006) (unpublished op.). The Western District of Oklahoma rejected the claim, reasoning that the direct appeal had not reflected any evidence of bias and the opinion had been joined by three other judges of unquestioned impartiality. *Id.*, 2006 WL 3420236, Westlaw op. at 1, 11. The Tenth Circuit

4

Court of Appeals dismissed the appeal "for substantially the same reasons as those set forth in the district court's order and the magistrate judge's thorough report and recommendation." *Smith v. Jones*, 226 Fed. Appx. 814, 816 (10th Cir. Apr. 5, 2007) (unpublished op.). In adhering to the district court's reasoning, the Tenth Circuit Court of Appeals expressly agreed "with the [conclusion by the Oklahoma Court of Criminal Appeals] that [the petitioner] ha[d] not established a conflict of interest between Judge Lile and the prosecutor."[3]

Under *Ross v. Parker* and *Smith v. Jones*, Mr. Jackson's almost identical claim likely lacks any merit. The opinion in Mr. Jackson's direct appeal was authored by Judge Chapel and joined by three other judges, with no dissents. *Jackson v. State*, Case No. F-2003-1313 (Okla. Crim. App. Feb. 17, 2005) (unpublished op.). Mr. Jackson has provided no reason to believe that Judge Lile had been biased when he decided to join Judge Chapel's unanimous opinion. In addition, as in *Smith v. Jones*, the Petitioner has provided no reason to question the impartiality of the three other judges who had voted to affirm the conviction. Thus, even if Judge Lile had been biased, Mr. Jackson's habeas claim would have failed for the same reasons explained by the Western District of Oklahoma in *Smith v. Jones*. In these

---

[3] *Smith v. Jones*, 226 Fed. Appx. 814, 816 (10th Cir. Apr. 5, 2007) (unpublished op.); *accord Nelson v. Newton-Embry*, Case No. CIV-06-91-T, slip op. at 10-13 (W.D. Okla. Apr. 3, 2006) (unpublished report and recommendation by magistrate judge; recommending rejection of a habeas claim involving Judge Lile's failure to recuse from an appellate matter), *adopted* (W.D. Okla. May 11, 2006) (unpublished order by district judge).

circumstances, transfer would likely be futile on the habeas claim involving Judge Lile's participation in the direct appeal.

Transfer would also likely be futile on Mr. Jackson's habeas claim involving his post-conviction appeal. *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at pp. 5-6 (Jan. 5, 2011). When the alleged constitutional error focuses only on the state's post-conviction remedy, "it states no cognizable federal habeas claim."[4]

Both of Mr. Jackson's claims are probably meritless. Thus, the Court should dismiss the habeas action rather than transfer it to the Tenth Circuit Court of Appeals.

## NOTICE OF THE RIGHT TO OBJECT

The parties can object to this report and recommendation. To do so, an objection must be filed with the Clerk of this Court by April 2, 2011. *See* Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2009 supp.). The failure to timely object would foreclose appellate review of the suggested ruling.[5]

---

[4] *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (citations omitted); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) ("Steele's claim challenging the Oklahoma post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding." (citation omitted)).

[5] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## STATUS OF THE REFERRAL

This report and recommendation discharges the referral.

Entered this 16th day of March, 2011.

_____
Robert E. Bacharach
United States Magistrate Judge